## The State v. Stephens.

---

### THE STATE v. STEPHENS.

The Legislature having the constitutional right to impose a tax on occupations, the mode in which it should be exercised is a matter for them, not to be questioned by the courts. (Note 27.)
The occupation tax imposed by the act of March 20, 1848, is clearly constitutional.
*Quere,* whether the *ad valorem* tax on goods purchased and goods received for sale by merchants and traders is constitutional.

Appeal from Harris. This suit originated before a justice of the peace of the county of Harris, on the information of the assessor of taxes for the county, against Stephens, for the penalty of $50, incurred by him for failing to make a return to the assessor, as required by the act of 1848, for raising a revenue by taxation. (Acts of 1848, 154.) The justice gave a judgment against Stephens for the penalty. He appealed to the District Court, where judgment was given in his favor, and the State appealed. The following is the statement of facts sent up with the record from the District Court: "In this case it is agreed that the assessor of Harris county, on the 1st of March, 1849, demanded **[138]** of the defendant a list under oath of the amount of goods, &c., purchased or received by him for sale between the 1st of December, 1848, and the 1st of March, 1849, and that the defendant refused to give the same, on the ground that the law requiring the same is unconstitutional. And it is agreed further that the defendant had, prior to the time of the demand, given in to the assessor for assessment his property liable to taxation for the year, including the goods, &c., so demanded to be given in for further taxation on the amount of purchases and receipts aforesaid."

*J. W. Henderson,* for appellant. The tax is clearly constitutional. It is an income tax imposed upon an occupation, and it is equal throughout the State. (Acts of 1848, 151, sec. 3; Const.. art. 7, sec. 27.) The statute of 1848, authorizes the proceeding, and the facts in the case clearly show that the judgment should have been for the appellant. (Ib.)

*P. W. Gray,* for appellee. The Constitution provides for three classes of taxation: 1st, an *ad valorem* tax on all property; 2d, an income tax; and 3d, a specific tax on occupations. All three must be equal and uniform. (Const., art. 7, sec. 27; Aulanier v. The Governor, 1 Tex. R., 665.) The tax in question is not an income tax. I contend it is a property tax; and if so null, because partial and not uniform. If it be a tax on occupation, it is null, because it operates unequally and unjustly. The tax is regulated by the value of the goods purchased. Suppose a merchant receives no goods for a year: he is still a merchant, *pursuing his occupation,* but not liable to the tax. The tax depends then wholly on the amount of property, and not on the fact that the party is engaged in merchandise. Hence it is clearly a tax on property. In Aulanier v. The Governor (1 Tex R., 665) it is said "the word property, as used in the Constitution, cannot, by any forced construction, be tortured into meaning an occupation," &c. The converse of the proposition is equally true.

69

## The State v. Stephens.

If the tax be intended for an occupation tax, it is unconstitutional. An occupation is worth, abstractly, as much to one man as to another. If you tax a man according to the amount of business he does and capital he has employed, you tax his skill, his industry, his enterprise; for, remember, you have already taxed his capital as high as all other property is taxed. It is of the very nature of an occupation tax to be specific; whereas the tax in question is *ad valorem*.

LIPSCOMB, J. The court is presumed to have decided in favor of the defendant on the ground set up by himself: that the act under which the demand was made was unconstitutional. As the supposed unconstitutionality of the act has not been presented, we are at some loss to know in what it consisted. The authority to impose taxes is given to the Legislature by the 27th section of the general provisions of the Constitution. It is, "Taxation shall be equal and uniform throughout the State. All property in this State shall be taxed in proportion to its value, to be ascertained as directed by law, except such property as two-thirds of both Houses of the Legislature may think proper to exempt from taxation. The Legislature shall have power to lay *an income tax*, and to tax *all persons pursuing any occupation, trade, or profession*," &c. The first section of the act of 1848 provides that there shall be levied and collected, for the use of the State, a direct *ad valorem* tax of twenty cents upon each hundred dollars' value of property, real and personal. The part of the act under which this demand was made and suit brought by the assessor is found to be in the latter part of the third section of the law: "That each and every person or firm occupied in the sale of goods, wares, merchandise, vinous and spirituous liquors, when sold in less quantities than a quart or more, shall pay a tax of twenty cents on each hundred dollars' value of such goods, wares, and merchandise, spirituous or vinous liquors, when purchased for sale or received for sale as agent or auctioneer by such [140] person or firm; and it shall be the duty of each assessor and collector in this State, once in every three months or oftener, to call upon such person or firm so occupied in his county for an account of such purchases under oath; and any person, when so called on, who shall fail or refuse to furnish such assessor and collector with an account of all such purchases as have been made by him during the term for which the assessment is to be made shall be liable to a penalty of fifty dollars for each failure or neglect, to be recovered, on the information of the assessor and collector, before any justice of the peace of the proper county by a suit in favor of the State. And the specific tax levied by virtue of this section shall not be construed to exempt the said goods, wares, and merchandise from the AD VALOREM *tax levied by this act.*" (Acts of 1848, 151.) I cannot perceive any objection to making the return demanded in this case. It is clearly within the provisions of the Constitution to impose *both an income and occupation tax.* And it is not believed that any other mode could better secure a correct assessment of all such articles received in the way of trade or merchandise. If the merchant could only be called upon for a tax on the amount of the goods that he had purchased at any one time, or the amount of stock in trade, the amounts that he received in his trade at different times would perhaps escape taxation, when it was the object of the Legislature that the tax should be assessed and collected on all such articles as he had purchased at different times during the fiscal year. But the Legislature having the constitutional right to impose the tax, the mode in which it should be exercised within constitutional boundaries was a matter with them, not to be questioned by us. The defense set up was certainly not a legal one: "that he had, prior to the time of the demand, given to the assessor for assessment his property liable to assessment for the year, including the goods, &c., so demanded to be given in for further taxation on the amounts of purchases and receipts." Because, if he returned [141] in his general assessment for the year goods, wares, and merchandise purchased or received for sale when he could not have been required to do so, it was not for him afterwards, when a legal demand for the quarterly return was made by

the assessor, to say that he had returned his taxable property for the year, and that the goods on hand were included in that return. He should have resisted, if it had been required, giving in his goods on hand for sale with his property returned for taxation for the year. That was the time, as I conceive, to have raised the question of the constitutionality of the law; because the only part of the act on which a doubt can be presented is in requiring that the goods purchased and goods received for sale should be subjected to the *ad valorem* tax imposed by the first section of the act. There can be no doubt that the quarterly return could be legally required from the defendant as an occupation ta., if he was engaged in buying and selling merchandise or receiving the same for sale as an agent or auctioneer.

On the last part of the third section we give no opinion, because we do not believe it presented in this case : " And the specific tax levied by virtue of this section shall not be construed to exempt the said goods, wares, and merchandise from the *ad valorem* tax levied by this act." When this question shall be presented, we will give it our best reflections. It may be admitted that this concluding part of the section is repugnant to the Constitution, and still the former part remain in full force.

The judgment ought for this error to be reversed and the cause remanded, with instructions to the court below to render judgment against the defendant for the penalty and costs; which is the judgment of this court.

Ordered accordingly.

NOTE 27.—The State *v.* Bock, 9 T., 369.

