RUFUS A. PECK, APPELLANT, vs. REUBEN OSTEEN AND MARTHA ANN OSTEEN, HIS WIFE, APPELLEES.

1. An exception to an answer which only alleges in general terms that the answer contains inconsistent defenses, making no specification whatever of the defenses supposed to be inconsistent with each other, is insufficient and should be overruled. It is not the duty of the court before which such a vague and indefinite exception is filed to devote itself to the task of ascertaining the particular defenses which the pleader regards as inconsistent with each other.

2. Exceptions are allegations in writing stating the particular points or matters with respect to which the complainant considers an answer insufficient, scandalous or impertinent, the matter excepted to should be distinctly specified. An exception must not be too broad, and must not be taken generally to the whole answer. If they are thus faulty they are properly overruled.

3. The evidence in the case examined, and the salient portions summarized, whereupon it is *held* sufficient to show that a mistake in description of an eighty-acre tract of land was made in the execution of the mortgage sought to be reformed.

4. This court is always reluctant to disturb the decree of a chancellor upon the facts, but will do so when the evidence clearly shows that the decree is erroneous.

Appeal from the Circuit Court for Bradford county.

### STATEMENT.

The appellant, as complainant in the Circuit Court, filed his bill of complaint against the appellees, as defendants. For convenience the respective parties are

hereinafter called, as in the court below, the complain-
ant and the defendants. The bill alleged that in the
execution of a mortgage, for the purpose of securing
the payment of certain notes by the defendants to the
complainant, of one hundred and forty acres of land,
one tract of eighty acres, intended by both parties to
be included in such mortgage, was misdescribed, and
that by mutual mistake another tract not owned by
the defendants was instead thereof inserted in said
mortgage. The mortgage had been foreclosed in a
court of equity, and the property bought at foreclos-
ure sale by the complainant. That the original mis-
take had been carried through the foreclosure proceed-
ings and into the deed of the master in chancery (who
sold under such proceedings) to the complainant. The
prayer of the bill was that the original mortgage, the
final decree in the foreclosure proceedings, and the
master's deed be corrected and reformed so as to omit
the improper, and insert the proper, description in ac-
cordance with the intention of the parties.

The defendants answered the bill of complaint, de-
nying that they ever knowingly executed the mort-
gage in question upon any land whatever, or that they
intended to execute a mortgage upon any land what-
ever, and denied that they were parties to any mistake
in description of land embraced in the said mortgage,
as set forth in the bill of complaint, and denied all
knowledge that such mistake in description was con-
tinued through the foreclosure proceedings as alleged.
Further answering, the defendants alleged that they
were husband and wife; that the land sought now to
be embraced in said mortgage, decree and deed con-
stituted their homestead upon which they lived; that
they were both illiterate persons, wholly unable to read

or write—said mortgage being executed by their cross marks for and in the place of signatures; that they signed such paper without any knowledge of its contents, supposing it to be a note winding up their store account with the complainant; that said mortgage was never read over or explained to them at the time of its execution by them, or before such time, and that they were never informed that the papers they were signing was a mortgage; that when the subpœna in chancery in the foreclosure proceedings was served upon them they made no appearance or defense, supposing that the case was brought for the purpose only of obtaining a judgment, and not knowing that it was a bill to foreclose a mortgage—not being aware that they had signed any mortgage.

To this answer exceptions were taken. The only one argued in appellant's brief is as follows: "That said defendants set up by their said answer defenses which are inconsistent, or which are the consequences of inconsistent facts." The court overruled the exceptions; after which the complainant filed a general replication; and testimony was taken by the respective parties. On a final hearing the bill of complaint was dismissed at complainant's cost. From which decree the complainant appealed.

The petition of appeal assigns two errors: (1) overruling complainant's exceptions, and (2) dismissing the bill of complaint at the final hearing.

Other facts are stated in the opinion.

*L. B. Rhodes*, for Appellant.

No Appearance for Appellees.

LIDDON, J.:

The first error complained of is the overruling of complainant's exceptions to the defendant's answer. These exceptions, as shown by the accompanying statement of the case, were in general terms, and only an allegation that the answer contained inconsistent defenses. There is no attempt at specification of the defenses which the complainant supposed were inconsistent with each other. The counsel for appellant in his brief says that in disposing of these exceptions "the court below should have looked at the whole answer to have ascertained whether or not contradictory defenses were contained therein." We do not think such duty devolved upon the court. It was not its duty upon a bare suggestion that an answer contains inconsistent defenses, to devote itself to the task of ascertaining, if it can, the particular defenses which the pleader regards as inconsistent. The pleader should have specifically designated and pointed out to the court the inconsistent defenses referred to. Exceptions are allegations in writing stating the particular point or matters with respect to which the complainant considers an answer insufficient, scandalous or impertinent. Beach's Modern Equity Practice, sec. 406. They must not be too broad and general, and if they are thus faulty, are properly overruled. Ibid, sec. 420; Conway vs. Wilson, 44 N. J. Eq. 457, 11 Atl. Rep. 734. An objection taken to a whole answer is too general. Mutual Life Ins. Co. vs. Cokefair, 41 N. J. Eq. 142, 3 Atl. Rep. 686. The very purpose of an execution is to call the attention of the court to the matter excepted to, and such matters should be distinctly specified. Arnold vs. Slaughter, 36 W. Va.

589, 15 S. E. Rep. 250. In Richardson vs. Donehoo, 16 W. Va. 685, text 704, the form of an exception to an answer is given, showing the particularity with which such exceptions should be framed, and the precision with which it should state the portions of the answer excepted to.

The second error alleged is, that the court erred in finding against the complainant upon the proofs of the case. We will not enter into any detailed analysis of the proof. We will state only a few of the salient points upon which we rest our conclusions. It will be noted that the general tenor and effect of the defendant's answer, as appears in the statement of the case, is that by reason of their illiteracy, they did not know and understand the object and import of the mortgage at the time of its execution, so as to be bound thereby. This defense, if available, should have been urged in the proceedings brought to foreclose the mortgage in question. The defendants have had their day in court, an opportunity to make such defense, and are concluded by the decree, that they did execute a valid binding mortgage upon the property described therein and in the decree of foreclosure. That a valid mortgage upon some land was intended and executed between the parties is *res judicata*.

Among other reasons impelling us to the opinion that the 80 acres referred to was omitted from the mortgage by mutual mistake are the following, *viz:* The defendants owned only 140 acres of land, all in one section according to the United States survey, in Bradford county, Florida, the whole comprising their homestead and farm. The mortgage as executed describes the same amount, 140 acres, all in the same section. The 80 acres alleged to have been inserted in

the mortgage by mistake did not belong to defendants at all, but lies immediately west of and adjoining the land owned by defendants, and which it is alleged was intended to be inserted in the mortgage in its stead. The only difference in the description of the two eighties is, that one is properly described as S. ½ of N. W. ¼ of Sec. 4, and the other as S. ½ of N. E. ¼ of same section. The latter would have been the correct description in the mortgage. The only difference in the descriptions being, that in describing the quarter section in which the land was located, a W was used where an E should have been. The evidence does not show clearly that the mortgage was read and explained to the parties before or at the time of its execution as to the land embraced therein, but was understood by them to be a mortgage, and upon real estate, and a portion of the indebtedness for which said mortgage was given was money borrowed to pay purchase money upon the whole tract of 140 acres. After purchase by complainant at foreclosure sale the agent of complainant attempted to collect rent from defendants for the use of the premises. While they paid no rent, it does not appear that they denied liability for the same, but assigned other reasons for non-payment. The defendant, Reuben Osteen, says in one portion of his testimony that he supposed at the time he executed the mortgage that it embraced the land which the bill of complaint alleges was intended to be embraced therein, but in another portion of the same deposition says that such supposition arose after the execution of the mortgage. After the foreclosure sale the defendants abandoned the land and surrendered possession thereof to complainant, who was still in possession at the time of filing the bill of complaint. The 80 acres now in

question includes the dwelling and improvements formerly occupied by the defendants. The defendant, Martha Ann Osteen, at the time of the execution of the mortgage, stated that she hated to sign a mortgage on her own home. Considering all the evidence in connection with the stated circumstances, and recognizing how easy it is to make a mistake in the description of lands according to the United States survey, we are of the opinion that such mistake was made in the present case, and that it has been proven with the requisite measure of proof. This case is very similar in its facts to Greeley vs. DeCottes, 24 Fla. 475. While this court is always reluctant to disturb a decree of a chancellor upon the facts, it will do so when the evidence clearly shows that the decree is erroneous. Perez vs. Bank of Key West, 36 Fla. 467, 18 South. Rep. 590.

The decree of the Circuit Court is reversed, with directions that a decree be entered granting the relief prayed for in the bill of complaint.