JOSEPH M. ALVAREZ, APPELLANT, VS. EDWARD BOW-
DEN, APPELLEE.

Where the decree of a chancellor is unsupported by and contrary to
the evidence, it will be reversed by this court on appeal.

Appeal from Circuit Court for Bradford county.

The facts in the case are stated in the opinion of the court.

*L. B. Rhodes*, for Appellant.

*Thomas E. Bugg*, for Appellee.

CARTER, J.:

It can serve no useful purpose to state in detail all the pleadings and evidence shown by the record in this case, as the only question involved relates to the sufficiency of the evidence to sustain a decree dissolving an injunction and dismissing the bill of complaint. The case as presented upon amended pleadings, and testimony, was substantially this: Appellant claimed to be in possession and the owner of certain real estate in Bradford county, which had been levied upon and was advertised to be sold by virtue of an execution issued upon a judgment obtained by appellee against one D. L. Alvarez on July 25, 1889. Appellant claimed the property under a deed executed to him on February 29, 1888, by said D. L. Alvarez and wife, for a consideration expressed in said deed of $300. A temporary injunction against this threatened sale was granted upon a bill filed by appellant in the Circuit Court of Bradford county. Appellee answered this bill, denying appellant's possession of the property, and alleging that the deed from the judgment debtor to appellant was without consideration, and intended by the parties thereto as an instrument or means by which to defraud appellee of his judgment debt. Appellee introduced no evidence to support his answer, except to show that his debt was in existence on February 20, 1888; and that on and after such date D. L.

Alvarez was insolvent; and that he had made another conveyance of other property about the time of the conveyance to appellant. Appellant and D. L. Alvarez both testified that the deed to appellant was executed in good faith, in consideration of a pre-existing debt of about $150 then owing by D. L. Alvarez to appellant, and of $150 cash paid by appellant to D. L. Alvarez on delivery of the deed. They also testified that appellant entered into possesson of the property at the date of the deed and had retained possession ever since. Appellant's deed was recorded March 6, 1888. No attempt was made to contradict or impeach the testimony of these witnesses. We think the evidence was wholly insufficient to justify the decree of the Circuit Court; and the decree is, therefore, reversed (Perez vs. Bank of Key West, 36 Fla. 467, 18 South. Rep. 590; Peck vs. Osteen, 37 Fla. 427, 20 South. Rep. 549), and the cause remanded for further proceedings conformable to chancery practice.