ANNA MARKS, Respondent, v. THOMAS E. TAYLOR et al., Appellants.

MORTGAGES—DESCRIPTION OF PROPERTY—FORECLOSURE—SALE—REFORMATION.

Property was so described in a mortgage by inadvertence that a portion meant to be mortgaged was not included in the description. On foreclosure and sale of the property, the decree of foreclosure, notice of sale, and deed described the land as set out in the mortgage. The mortgagee, who bought the property, believed that the property offered for sale was that intended to be mortgaged, and bought it with that understanding. An action was brought to reform the mortgage, decree, and sheriff's deed, so as to include the land omitted, and the relief was granted. *Held*, error, since it invested the purchaser with title to property never advertised, offered for sale, or sold to her, and which may have been purchased by others at a higher figure had it been correctly described in the notice of sale.

Decided May 1, 1901.

On rehearing. Modified.

For former opinion, see 23 Utah 152, 63 Pac. 897.

BASKIN, J.—At a previous term we affirmed the judgment of the lower court in this case. The opinion then delivered is reported in 63 Pac. 897. The appellants made a motion for a rehearing, which was granted. The facts are fully stated in the former opinion. The facts pertinent to the present hearing are as follows: A mortgage executed by appellants to the respondent to secure a promissory note was foreclosed in the court below, and at the sale of the real property described in the mortgage the respondent purchased the same, and after the expiration of the time for redemption the sheriff executed to her a deed. Some time afterwards she discovered that a valuable part of the real estate which it was intended the mortgage should include was, by the inadvertence and mistake of the party who drew the same, not included in the description of the mortgage as executed. The description of the property, both in the decree of foreclosure and the sheriff's deed, was the same as the description in the mortgage. The present action was instituted in the court below to reform the mortgage, decree, and sheriff's deed, so as to include that portion of the real estate so erroneously omitted, and upon the hearing that relief was granted.

The provisions of the statute, in relation to sales of real property under decrees of foreclosure, require the notice of sale to particularly describe the premises ordered to be sold. In said foreclosure proceedings the property ordered to be sold was described by metes and bounds, courses and distances, the same as it was described in the mortgage as executed, and as in the sheriff's deed; and, while the notice of sale is not con-

tained in the record, in the absence of any showing to the contrary the presumption is that it described the property to be sold as the same was described in the decree of foreclosure. So that it appears that the premises mentioned in the decree, advertised for sale, purchased by and deeded to the said Anna Marks, the respondent, are not the same as the premises described in the mortgage as reformed by the decree of the lower court.

The decree of the lower court, if affirmed by this court, would invest the respondent with the title to property which was neither ordered to be sold, advertised, or offered for sale, or sold by the sheriff to her. It is true that she thought that the property intended to be mortgaged was the property offered for sale, and evidently bid in the property with that understanding, but it does not appear that other bidders, if any others were present at the sale, had the same understanding. If the property included in the reformed mortgage had been advertised for sale, it is not improbable that a higher bid than the respondent's would have been made by some other person. All judicial sales of real property must, under the provisions of section 3254, Revised Statutes, "be made at the court house of the county in which the property, or some part thereof, is situated," and not upon the premises. It does not appear in this case, as in the cases of Quivey v. Baker, 37 Cal. 465, and Waldron v. Letson, 15 N. J. Eq. 127, cited by us in the former opinion, that the sheriff, in making the sale, pointed out to the bidders or persons present the property which he was about to sell. In the former case, the court in its opinion said: "In the decree of foreclosure and order of sale there was the same erroneous description; but in making the sale the sheriff pointed out to the bidders the property in contest as that which he was about to sell, being ignorant of the mistake in the description." In the latter case the chancellor in the opinion said: "The complainant claims to be protected in the posses-

sion and enjoyment of the premises for which he bid at the sheriff's sale, and for which he paid the purchase money. They are the same premises which it was understood and believed, by persons present at the sale, were being sold...... I proceed upon the assumption, which is fully justified by the evidence, that it was understood, not only by the purchaser, but by the bidders and persons generally at the sale, that the entire lot was being sold, and that the price for which it was struck off was the price for which the entire would have sold." Upon a careful review, we are satisfied that that part of the decree which reforms the decree of foreclosure and the sheriff's deed is erroneous, and that following that portion of the former which reforms the mortgage a decree foreclosing the mortgage as reformed should have been made, instead of the decree reforming the decree of foreclosure of the mortgage as executed and the sheriff's deed. Conyers v. Mericles, 75 Ind. 443-448.

As the complaint contains a prayer for general relief, the decree should be modified by ordering the property covered by the reformed mortgage to be sold in accordance with the provisions of the statute in such case made and provided, and the proceeds of the sale, or so much thereof as may be necessary, after paying the legitimate costs, to be appropriated in satisfaction of the amount secured by the mortgage liens on said property set out in the complaint of plaintiff, which the court below shall find to be due and owing to her by the defendant Thomas E. Taylor on his promissory note, and if, after paying the costs and satisfying said lien, any balance should remain, that it be paid to the defendants. It is ordered that the case be remanded, with instructions to the court below to modify the decree in accordance with the foregoing opinion, and that, as only a portion of the decree is erroneous, each party pay their own costs.

*Bartch, J.,* and *Morse, District Judge,* concur.