### J. H. POARCH v. J. C. DUNCAN ET AL.

Decided January 6, 1906.

**Verbal Agreement to Mortgage Land.**

A mortgage in this State is a conveyance of land, and an equitable mortgage can not be created by an agreement not in writing.

Appeal from the District Court of Ochiltree County. Tried below before Hon. B. M. Baker.

*Hendricks & Ewing,* for appellant.—A written mortgage upon real estate signed and not delivered, determinate in its terms, and evidenced to be full within itself as a complete instrument, for a valuable consideration, is a sufficient contract or memorandum in writing for the sale of real estate in compliance with the statute of frauds, and may be foreclosed and enforced in a court of equity. Art. 2543 (2464), sec. 4, Batts' Annotated Civil Statutes of Texas; Jenkins v. Harrison, 66 Ala., 345-362; Johnston v. Jones, 85 Ala., 286-292; Bowles v. Woodson, 6 Grattan (Va.), 78-89; Magee v. Blankenship, 95 N. C., 563-570; Patton v. Rucker, 29 Texas, 403; Am. and Eng. Ency. Law, vol. 8, p. 715; Kuhn v. Brown, 1 Hun (N. Y.), 244; Drury v. Young, 58 Md., 546; 42 Am. Reps., 343.

Under the facts alleged in plaintiff's petition, the particular mortgage written and not delivered, complete and full as a concluded agreement, for a valuable consideration for money advanced from creditor to debtor, should be enforced by virtue of the application of the principle that the statute of frauds should not be invoked as an instrument of fraud, when in so doing such a result would be accomplished. King v. Williams, 50 S. W. Rep., 695; Allender v. Evans-Smith Drug Co., 64 S. W. Rep., 558; Gliddings v. Butler, 47 Texas, 545; Ponce v. McWhorter, 50 Texas, 572; Gilpatrick v. Glidden, 2 Law Rep. Ann., 663.

*Coffee & Kelly,* for appellees.—The court did not err in sustaining the exception of defendant to the plaintiff's original petition because

said petition showed the mortgage sought to be established as a lien against said land was shown to have never been delivered, and as complained of in said exception the same sought to create or fix a lien upon real property by a parol contract in violation of the statute of frauds.

A mortgage the same as any other written instrument pertaining or attempting to convey any interest in realty, must be delivered before it is complete or can take effect as such. So long as it remains in the hands of the grantors, the same is subject to their disposition and control. Sayles' Statute, art. 624; Clitus v. Langford, 24 S. W. Rep., 325, 57 S. W. Rep., 571, 17 S. W. Rep., 538; 12 Wis., 245; Wallis, Landes & Co. v. Taylor, 67 Texas, 431; 36 S. W. Rep., 822; 30 S. W. Rep., 498; 69 Texas, 513; 72 Texas, 354.

There was no error in the court's ruling on the second special exception as complained of in the second assignment of error. An equitable mortgage can not be created by parol contract against or upon real estate; and any attempt to do so contravenes the statute of frauds. Nor can the said petition be construed as a sufficient plea in equity to overcome the operation and application of the statute. Johnson v. Portwood, 34 S. W. Rep., 599; Clitus v. Langford, 24 S. W. Rep., 325; Castro v. Illies, 13 Texas, 230; Malone v. Kaufman, 38 Texas, 457; Wynne v. Flanagan, 25 Texas, 782; Boehl v. Wadgymer, 54 Texas, 589; Ruhl v. Kaufman, 65 Texas, 723.

STEPHENS, ASSOCIATE JUSTICE.—Appellant recovered judgment against appellee J. C. Duncan for the amount of his debt, but to so much of his petition as sought to establish and foreclose a mortgage on a section of land in Ochiltree County, the court sustained exceptions. The main objection urged in these exceptions to the petition was that it sought to fix a lien on real estate by alleging a parol agreement to execute and deliver the mortgage sought to be established. According to the allegations of the petition, the appellees signed and acknowledged a mortgage, in the nature of a deed of trust, on a section of land in Ochiltree County, as security for a loan made and a further loan to be made by appellant to appellee J. C. Duncan, but, instead of delivering it, J. C. Duncan fraudulently destroyed it and conveyed the land to his wife without consideration, after he had obtained from appellant the possession of the promissory note given to evidence the loan, on the promise that he would take it and the deed of trust to the county seat and·have new papers prepared so as to include in one note and mortgage the sum named in this note and an additional sum. He not only destroyed the undelivered mortgage, but also the note, and refused to execute any other papers. His insolvency was also alleged.

However much we might desire to express our disapproval of the reprehensible conduct of the appellees as alleged in the petition, we hardly see how we could reverse the judgment sustaining exceptions to the petition and give to the statute requiring conveyances of land to be both executed and delivered the effect which our Supreme Court seem to have given it. (Rev. Stats., art. 624; Castro v. Illies, 13 Texas, 235; Boehl v. Wadgymer, 54 Texas, 589; Johnson v. Portwood, 34 S. W. Rep., 599.) Appellant seeks to avoid the force of this statute on

the ground that a mortgage merely creates a lien and is not a conveyance of any estate in lands; but long ago the law defined a mortgage to be "a conveyance of an estate or property by way of pledge for the security of a debt, to become void on payment of it." (4 Kent, 136.) True, according to the rule in equity, which prevails in Texas, the legal title does not pass to the mortgagee, but the mortgage in terms usually conveys it, subject of course to the defeasance clause, and it has always been treated in this State as a conveyance. It is one link in the chain which passes the legal title to the purchaser at foreclosure sale. Because it is a conveyance it is held that the husband and wife must join in an execution of a mortgage on the wife's property. Other instances might be cited. At all events, the cases above mentioned, or at least the two first mentioned, are construed in the third named to hold that "an equitable mortgage can not be created by an agreement not in writing," doubtless for the reason that to hold otherwise would be an evasion of the article of the statute cited. It is not very clear to the writer, however, that a parol agreement upon sufficient consideration to execute a written mortgage on real estate should not be enforced in Texas, since it is here held that an express trust in lands may be created by parol. But however this may be, and although there seems to be room for the contention that the cases above cited, when critically analyzed, would not require the holding that a parol agreement to execute a mortgage could not be enforced, we accept these decisions as authority for the judgment rendered in this case.

The allegations of fraud and insolvency do not seem to be material. The result would have been the same to appellant if, acting in good faith, Duncan had merely failed to deliver the mortgage. His destruction of it with a bad motive did not place appellant in any worse position. We need not discuss the effect of insolvency.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.