CHARLES B. GATES ET AL. *v.* UNION NAVAL STORES COMPANY.

[45 South., 979.]

CHANCERY COURT. *Parties. Deeds. Reformation. Clouds upon title.*

Where a grantor has conveyed land by an erroneous description and the grantee has mortgaged it by the same description, they are both necessary parties to a bill by the purchasers at foreclosure sale under such mortgage to correct the mistake and cancel a later deed fraudulently made by the grantor by a correct description before the foreclosure, and relief will be denied to complainant, without objection by defendants, for non-joinder of such parties.

FROM the chancery court of Harrison county.

HON. J. O. S. SANDERS, Special Chancellor.

The Union Naval Stores Company, a corporation, appellee, was the complainant in the court below, and Gates and another, appellants were defendants there. From a decree in complainant's favor defendants appealed to the supreme court.

The Union Naval Stores Company charged that Preston Bond in 1894 acquired from the United States the title to the land upon which lots one and two of block four of the town of Bond were subsequently platted; that Bond and one W. J. Evans were for several years in partnership in business and occupied Bond's store building situated upon the lots; that Bond sold out to Evans in 1898, and, with intent to convey to Evans the title to the said lots, executed to Evans a deed which by mistake de-

scribed the two lots as being situated in block one instead of in block four, the deed being executed in 1898 and filed for record in November, 1900; that Bond owned no property in block one, this block being situated off the land patented to him by the government; and that both Bond and Evans intended that the conveyance should be of the property whereon was located the store building.  The bill further charged that Evans in December, 1900, borrowed $9,000 from the Union Naval Stores Company, the complainant, executing in its favor a deed of trust upon the lots so purchased from Bond and on other property, describing the lots as they were described in the deed from Bond to Evans, the parties intending to convey by the deed of trust the two lots whereon was situated the store-building; that the deed of trust, containing such erroneous description, was foreclosed by suit and the two lots were purchased by complainant in April, 1903, at a commissioner's sale, for $1,600; that, pending the foreclosure suit a receiver was appointed by the chancery court to take charge of the business and assets of Evans, and that when the receiver took charge thereof Evans pointed out to him the store building and lots one and two of block four as being his property, and that at that time defendant, Mrs. Whyte, was occupying a part of the store-building, she being post-mistress and a sister of Evans, leasing a post-office room from him.  The bill further set forth that, in March, 1903, shortly before the foreclosure sale, Bond fraudulently made conveyance of lots one and two of block four to the defendant, Gates, for the sum of $500, less than one-third the actual value of the property, and that at the time both Bond and Gates knew that Bond had no real title to the lots described.  The bill prayed that complainant's title should be adjudged superior to the claims of the defendants, and that their claims should be cancelled as a cloud upon the title. Neither Bond nor Evans were made parties to the suit.

*T. A. Wood, T. M. Evans,* and *Alexander & Alexander,* for appellants.

Without reformation, and that by a bill to which Bond and Evans are necessary parties, this suit cannot be maintained.  A

decree of reformation serves a dual purpose. It operates to nullify or cancel the paper title to the land erroneously described, and vests title to the true land. But no party to a deed will be decreed to have conveyed land not described in his deed, without a hearing. The grantor who made the mistake must be made a party. Especially can we not assume against him that there was error when he has conveyed the land to another.

It is well settled that if the error runs through several successive deeds, the grantors and grantees in all of them must be made parties to a suit for reformation. A deed can no more be reformed without the presence of the proper parties than it can be cancelled. Indeed, reformation is a form of cancellation.

It is a manifest injustice to base a right to recover on the charge that the sale and deed from Bond to Gates was a fraudulent scheme on the part of both, without giving Bond a chance to defend. *Clayton* v. *Merritt,* 52 Miss., 360; *Lemon* v. *Dunn,* 61 Miss., 210; 15 Encyc. Pl. & Pr., 637.

*R. W. Stoutz,* for appellee.

The point that Evans and Bond are not parties to the bill and that, accordingly, no reformation of deeds can be had, is not well taken. If there were any defects in the pleadings as to non-joinder of proper parties, appellants should have complained of this in the court below. It is now too late.

MAYES, J., delivered the opinion of the court.

The record shows that Bond and Evans are necessary and indispensable parties. Without them no proper decree can be made. This is apparent on the face of the record, and is particularly true as to Bond. This objection was not urged on the trial in the court below; but, it being impossible to make a proper decree without having these parties made defendants, this court will, of its own motion, decline to act until these parties have been joined. In the case of *Clayton* v. *Merrett,* 52 Miss., 360, the court said, in speaking of the failure on part of complainants to make necessary parties defendant to the bill

of complaint: "No objection was urged, either in the court below or in this court; but the absence of a necessary party renders it impossible to proceed with the bill in its present aspect." *Lemon* v. *Dunn*, 61 Miss., 210; 15 Ency. Pl. & Pr., 687.

Reversed and remanded, with leave to complainant to amend the bill within sixty days from date mandate is filed.

*Reversed and remanded.*

WHITFIELD, C. J., being ill, took no part in the decision of this cause.