ALFALFA LUMBER CO. v. MUDGETT et al. (No. 1243.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 21, 1917. On Motion for Rehearing, Dec. 19, 1917.)

1. TRESPASS TO TRY TITLE ⬤⟐47(3)—REFORMATION OF INSTRUMENTS.

Where a defendant's title in trespass to try title is dependent upon the correction of mistake, an instrument, upon proper pleading and if the proper parties are before the court, can be reformed.

2. TRESPASS TO TRY TITLE ⬤⟐47(1)—REFORMATION OF INSTRUMENTS—PLEADING.

In trespass to try title, the court can reform an instrument relied upon to support title under a general prayer for equitable relief, where the proper facts are pleaded, although there is no prayer for reformation.

3. REFORMATION OF INSTRUMENTS ⬤⟐6—SHERIFFS' DEEDS—MORTGAGES.

Where an improper description is put in a mortgage and foreclosure is had and the mistake is carried into the sheriff's deed, the sheriff's deed cannot be reformed, but, to get title, the mortgage itself should be reformed and another foreclosure had.

On Motion for Rehearing.

4. FRAUDS, STATUTE OF ⬤⟐129(9) — VERBAL MORTGAGE — FORECLOSURE — NECESSITY OF POSSESSION AND IMPROVEMENTS.

Where the wrong lot was inserted in a mortgage and the mistake carried through to a sheriff's deed, the transaction was no more than a verbal transfer, and valuable improvements were necessary in addition to possession to acquire an equitable title to the lot intended to be mortgaged.

5. REFORMATION OF INSTRUMENTS ⬤⟐33—PARTIES—MORTGAGES.

In trespass to try title wherein defendant's title depends on a mortgage with an incorrect description carried through to the sheriff's deed, the mortgagor, or his legal representative, is a necessary party to a reformation of such mortgage.

6. APPEAL AND ERROR ⬤⟐1177(3)—REVERSAL TO ALLOW ADDITIONAL PARTIES—ISSUES.

In trespass to try title, where it incidentally appeared that if proper parties were in the case the defendant might be entitled to affirmative relief by reforming a mortgage through which he was claiming, the judgment will not be reversed for the purpose of allowing defendant for the first time to make application to make additional parties.

Appeal from District Court, Potter County; Hugh L. Umphres, Judge.

Trespass to try title by W. P. Mudgett and others against the Alfalfa Lumber Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Veale & Lumpkin, of Amarillo, and Baker, Botts, Parker & Garwood, of Houston, for appellant. Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellees.

BOYCE, J. Appellee Mudgett and others brought suit in trespass to try title, against

appellant, Alfalfa Lumber Company, to recover lot No. 6, block 201, Glidden & Sanborn addition to the city of Amarillo. The appellant pleaded not guilty and by special answer, which we will hereafter notice further. A trial before the court resulted in a judgment for the plaintiffs and this appeal by the defendant.

J. F. Dunaway is the common source of the title relied on by both parties, and the controversy is as to the effect a mistake in the description of the property in appellant's chain of title should have on the respective rights of the parties. Appellant claims title under Dunaway as follows: Dunaway, on May 8, 1912, executed and delivered to appellant a deed of trust to secure it in the payment of a certain note, whereby he conveyed, by the terms of said deed of trust as written, lot No. 5 in said block No. 201. Dunaway at this time only owned one lot, to wit, lot No. 6, in said block, which was the southeast corner lot of the block, and the deed of trust was intended by the parties to cover this lot. By reason of an error of numbering in a copy of the map, to which the parties referred when preparing the deed of trust, and which showed the southeast corner lot of said block to be No. 5, which was really the southwest corner of the block, a mistake was made in the deed of trust and said lot No. 5 conveyed thereby instead of lot No. 6. Judgment of foreclosure of this deed of trust was had, the property advertised and sold under order of sale and conveyed to appellant by sheriff's deed dated June 3, 1913. The same mistake of description was carried through all these proceedings. Appellant was shown to have been in possession of said property from about March or April, 1915. Appellee's title is as follows: An abstract of judgment against Dunaway, in favor of Joyce-Prewitt & Co., a corporation, was recorded in the proper records of Potter county, on February 28, 1913. This judgment was assigned to appellees Mudgett and his associates. This indebtedness was subsequently renewed, time of payment extended and included in a note dated March 29, 1913, payment of which was secured by deed of trust of even date, executed by Dunaway, whereby he conveyed to the trustee therein named said lot No. 6 and other property;* the deed of trust reciting that the lien of the judgment should continue in effect. A judgment of foreclosure of this deed of trust was rendered in favor of appellees against Dunaway, December 10, 1914. Dunaway died, and his wife qualified as administratrix, in March, 1915. On application to the probate court, it was ordered that the administratrix be allowed to convey the property against which said indebtedness had been foreclosed to appellees in satisfaction of said judgment, and, in accordance with such order, the said administratrix conveyed said lot No. 6, together with other property,

to the said appellees, by deed dated August 17, 1915.

The appellant, in addition to the plea of not guilty, by special answer alleged the facts with reference to the mistake in description in the various instruments and proceedings as above set out. No specific reference to reformation is made in said answer; appellant asserting that by reason of such facts it thereby acquired the superior legal and equitable title to said lot No. 6. The answer, however, contained a prayer for general, legal, and equitable relief.

[1] The mere showing of a mistake in connection with an instrument offered in support of a title does not authorize the court to give to such instrument the effect it would have but for the mistake. The mistake may only be inquired into and reformed in a direct proceeding appropriate to such relief. Clark v. Gregory, 87 Tex. 189, 27 S. W. 56; Davis v. Kirksey, 14 Tex. Civ. App. 380, 37 S. W. 994. This does not mean that the instrument may not, upon proper pleading and if the proper parties are before the court, be reformed and given effect in the trespass to try title suit. The defendant, whose title is dependent upon the correction of the mistake, can properly, if the proper parties are before the court, seek a reformation of the instrument for the purpose of relying upon it to support his title.

[2] While the defendant in this case does not pray for reformation of the instruments necessary to establish its title, nor state the facts upon which such relief might be given in the form of a cross-action, yet such facts are specially pleaded in defense, and under the prayer for general relief we should, we think, regard such pleading as sufficient to authorize the reformation of such instruments if defendant would be otherwise entitled to such relief. Ætna Ins. Co. v. Brannon, 99 Tex. 391, 89 S. W. 1057, 2 L. R. A. (N. S.) 548, 13 Ann. Cas. 1020.

[3] Ordinarily, all parties executing an instrument and all parties to a judgment are necessary parties to a proceeding to reform them. Neither Dunaway, the maker of the deed of trust and the defendant in the judgment of foreclosure, nor his administratrix or heirs, were parties to this suit of trespass to try title. This lack of parties would perhaps be fatal to any right of reformation of such instruments in this suit. But, if we assume that under the circumstances the representatives of Dunaway were not necessary parties to a reformation of such proceedings, it will be next in order to decide whether the court could, in this procedure, reform the judgment of foreclosure and the sheriff's deed also, which would be necessary before appellant can establish its title. The weight of authority is that where a mistake of description made in a mortgage has been carried through the foreclosure proceedings, and the sheriff's deed, the purchaser cannot

have the sheriff's deed corrected so as to vest title in the property in him. The remedy in such cases is to secure a reformation of the mortgage and foreclose it anew. The reason for this is that the sheriff advertises for sale specific property for the purpose of giving the public information that such property is to be sold. Persons interested therein may then inform themselves as to such matters, including the title, as might affect its value so as to be prepared to bid at the public sale. If upon the advertisement and sale of entirely different property the mistake in the original mortgage would permit a reformation of the sheriff's deed, the entire purpose of the advertisement of the property by the sheriff would be defeated. Here lot No. 5 was advertised and sold—a different piece of property entirely from lot No. 6, to which the defendant in execution had no title whatever. It cannot be known who would have bid, nor the amount of the bid, nor that appellant would have been the purchaser if lot No. 6 had been advertised and sold, and neither can it be known what, if any, steps appellees would in such event have taken to protect their interest in said lot No. 6. So that it is not practical to extend the reformation on account of the mistake to the sheriff's deed. Fisher v. Villamil, 62 Fla. 472, 56 South. 559, 39 L. R. A. (N. S.) 90, and note, Ann. Cas. 1913D, 1003; Stephenson v. Harris, 131 Ala. 470, 31 South. 445; Rogers v. Abbott, 37 Ind. 138; Conyers v. Mericles, 75 Ind. 443; McCasland v. Ætna Life Ins. Co., 108 Ind. 130, 9 N. E. 119; Marks v. Taylor, 23 Utah, 470, 65 Pac. 203; Davenport v. Sovil, 6 Ohio St. 459; Carrigg v. Mechanics' Bank, 136 Iowa, 261, 111 N. W. 329; note to Stewart v. Wilson, 109 Am. St. Rep. 36–40. There are some authorities to the contrary: Greeley v. De Cottes, 24 Fla. 475, 5 South. 239; Peck v. Osteen, 37 Fla. 427, 20 South. 549; Quivey v. Baker, 37 Cal. 465; Parker v. Starr, 21 Neb. 680, 33 N. W. 424; Waldron v. Letson, 15 N. J. Eq. 126; Marks v. Taylor, 23 Utah, 152, 63 Pac. 897. The Florida cases referred to were overruled by Fisher v. Villamil, supra. The Utah case was subsequently reversed on rehearing, and the California case was criticized and practically overruled by the Supreme Court in the subsequent decision of Hull v. Calkins, 137 Cal. 84, 69 Pac. 838, in which the court, in referring to said case, says:

"It is difficult to perceive on what recognized principle of equity the court was justified in amending the sheriff's deed."

The question has not been directly decided by our courts, though in the case of Silliman v. Taylor, 35 Tex. Civ. App. 490, 80 S. W. 651, it was recognized that in a suit brought for such purpose it was proper to have a reformation of the proceedings down to the foreclosure and proceed anew with the foreclosure sale. We hold that the sheriff's deed cannot be reformed in this proceeding, and, as the defendant showed no title without it, the court below properly entered judgment for the plaintiffs, since they showed good title from Dunaway, the common source.

No conclusions of law or fact were filed by the court below, and, as the judgment can be sustained on this ground, it is not necessary to consider other theories on which appellees claim the judgment may be sustained, and this general conclusion disposes of all appellant's assignments of error.

Affirmed.

### On Motion for Rehearing.

On motion for rehearing, appellant urges upon our attention the case of Gilmore v. O'Neil, 107 Tex. 18, 173 S. W. 206, in support of its proposition that, independent of the reformation of the deed of trust and subsequent proceedings, the appellant held a superior equitable title to the land that entitles it to prevail in this suit. In the case referred to, James Jones sold to Mrs. Dewey a certain tract of land, but the deed, by mistake, failed to include a part of the land intended to be sold. The entire consideration was paid and the defendant O'Neil, a subsequent grantee of Mrs. Dewey, went into possession, placing valuable improvements on the portion of the land intended to be sold but not embraced in the deed to Mrs. Dewey. These facts being shown in a suit in trespass to try title to the said portion of land not included in the deed, in which suit O'Neil was defendant, and the plaintiffs were claiming under Mrs. Jones, were held sufficient to vest an equitable title in O'Neil, which enabled him to prevail; and it was further held that the reformation of the deed was not essential to the establishment of O'Neil's defense, because under the circumstances he acquired an equitable title to the land, independent of the deed. This ruling was evidently on the theory that one purchasing land on oral contract, who pays the consideration therefor, goes into possession, and makes valuable improvements, acquires an equitable title thereto, notwithstanding the statute of frauds. So that O'Neil, under the circumstances, could ignore the deed and found his right on the oral contract followed by payment of the purchase price, possession, and improvements. Before proceeding further with the application of this case to the one at bar, it will be well enough to understand the limits within which an oral contract for the sale of land will be held to confer an equitable title therein.

[4] There are many cases on the subject, but the following will be sufficient for the purposes of this opinion: Ann Berta Lodge v. Leverton, 42 Tex. 23; Bradley v. Owsley, 74 Tex. 69, 11 S. W. 1052; Id., 19 S. W. 340; Page v. Vaughn, 173 S. W. 543; Terry v. Craft, 87 S. W. 845. These authorities establish: First, that "when a verbal contract, whether fully or partially executed, is relied

upon in our courts, though merely by way of defense against the legal title, the laboring oar is upon the defendant, and he must make out such a case as would entitle him to a decree of title, if he were seeking it." Second, that possession and payment of the purchase price alone, under an oral contract of purchase, are not sufficient to establish such a title, but the possession must be accompanied by valuable improvements, placed on the land on the faith of the purchase.

As ruled by these authorities, how stands the right of the appellant, independent of the written instruments, that do not describe the land and which cannot avail it without a reformation thereof? Its position would be that of possession with no improvements made under such possession, following an oral mortgage with no foreclosure thereof. We need not digress to ascertain what might be the rights of appellant if its possession was by reason an ineffective attempt to foreclose a valid mortgage, because the oral mortgage, like an oral sale, falls within the terms of the statute of frauds. Poarch v. Duncan, 41 Tex. Civ. App. 275, 91 S. W. 1110; Castro v. Illies, 13 Tex. 235; Boehl v. Wadgymar, 54 Tex. 589; Johnson v. Portwood, 89 Tex. 235, 34 S. W. 599, 787; R. S. art. 1103. If the oral agreement to create a lien on the real estate could be held to create any equitable title under any circumstances, it would only be on the same theory that an oral sale may, under certain circumstances, vest an equitable ownership in the land, which the law will recognize. Under the authorities cited, appellant could not prevail in the suit, even if he had purchased the lot by verbal sale from Dunaway, paid the entire consideration, and went into possession, because it is not shown that it has placed valuable improvements thereon. If a verbal sale under the circumstances would not vest an equitable title in appellant that would enable it to defeat the trespass to try title suit, we do not see how it could be held that a verbal mortgage could have that effect.

[5] We are requested by appellant, in the event we should otherwise hold against it, to reverse and remand the case to the end that a reformation of the deed of trust may be had, followed by its foreclosure, as reformed, on the ground that appellant, having set up all the necessary facts, is entitled to this relief under its general prayer. This matter received our attention on original hearing, though it was not mentioned in the opinion. If all the parties necessary to such relief were in the case and all the facts necessary to such relief were pleaded, we would consider it our duty to examine further into appellee's claim that such action could not be had in any event, because they are innocent purchasers without notice, and, if we should determine that the appellee's claim is not well founded, then to reverse and remand the case as suggested. We are of the opinion, however, that the heirs or representatives of Dunaway are necessary parties to any proceeding to reform the mistake in the deed of trust and to foreclose the same. City of Brownsville v. Tumlinson, 179 S. W. 1110; Weems v. Sheriff, 48 Tex. 481; Jones v. Nix, 174 S. W. 685; Cyc. vol. 34, pp. 966, 967; Gates v. Union Naval Store Co., 92 Miss. 227, 45 South. 979. Such action necessarily involves a cancellation of whatever credit resulted on the judgment against Dunaway by the former sale and a foreclosure of the indebtedness against said lot No. 6, and sale under such foreclosure. Those entitled to the Dunaway estate are necessarily affected by such proceedings. We also doubt whether all the facts necessary to such relief were pleaded or shown, there being no showing as to the balance, if any, due on the judgment, so that there were no allegations as to the amount of the indebtedness for which a foreclosure could be had. It must be borne in mind that the issue tendered by the petition of trespass to try title was one of title and the pleading of the facts of mistake by defendant was also on the issue of title; the pleader's conclusion following a statement of these facts being, "that by reason of the premises this defendant has a superior legal and equitable title to the above mentioned and described property to that of plaintiff," etc., its prayer being that the plaintiff take nothing, that the defendant go hence without day and recover all costs and for general and special, legal and equitable relief.

[6] The right of reformation of the deed of trust and foreclosure anew was independent of the issues in the trespass to try title suit, but which, if all the necessary parties were before the court and the proper allegations had been made, the defendant could have litigated in a cross-action. Authorities above cited, and Burks v. Burks, 141 S. W. 337; Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596. But because, in the trial of the issue of title, facts are incidentally shown which might, if the proper parties were in the case, justify the granting to defendant of affirmative relief on such a cross-action, the court below was not required on its own motion to stay the trial of the issue of title joined by the parties, and require the making of additional parties in order that the rights thus incidentally disclosed might be tried, and we do not think we would be justified at this stage of the proceedings in reversing the case for this purpose.

The other matters urged in the motion for rehearing were discussed in our original opinion, to which we adhere.

The motion for rehearing will be overruled.