## MAPLES v. MAPLES et al. (No. 3.)

(Court of Civil Appeals of Texas. Eastland. May 17, 1925. Rehearing Denied Oct. 9, 1925.)

**1. Limitation of actions ⟜44(1)—Suit not barred by 10-year limitation.**

In trespass to try title, finding that plaintiff's decedent and plaintiffs held exclusive possession of part of premises and joint possession of remainder thereof under deed executed in 1909, until ejected by defendant in 1922, foreclosed contention that their suit was barred by 10-year limitation.

**2. Fraudulent conveyances ⟜176(3) — No trust ingrafted on conveyances in fraud of creditors.**

Finding, in trespass to try title, that deed from defendant to plaintiff's decedent was executed with intent to defraud existing creditors of defendant destroyed latter's contention that resulting trust arose from transaction.

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Fraudulent conveyances** ☜172(1)—Fraudulent conveyance vests title absolutely in vendee, subject to be divested only by creditors of vendor or innocent purchasers from him.

Deed made with intent to hinder and delay creditors vests title absolutely in vendee, subjected to be divested only by creditors of vendor or innocent purchasers from him.

**4. Evidence** ☜445(1)—Parol evidence held insufficient to prove alleged agreement that plaintiff's decedent was to claim only part of land deeded.

Where defendant deeded land to plaintiff's decedent in 1909 to hinder and delay his creditors, parol evidence *held* insufficient to prove agreement in 1917 between defendant and decedent that latter was to purchase 40 acres of the 120 acres deeded, and that he was to assume loan and pay cash difference.

**5. Trespass to try title** ☜41(1)—Judgment for rents held supported by evidence.

In trespass to try title, where testimony supported judgment for rents for greater amount than that rendered, assignment of error that judgment for rents was unsupported by testimony will be overruled.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Trespass to try title by Laura Maples and others against J. C. Maples. From a judgment for plaintiffs, defendant appeals. Affirmed.

J. D. Barker, of Cisco, for appellant.
Scott & Holloway, of Cisco, for appellees.

### Statement.

PANNILL, C. J. This is an action in trespass to try title, brought by appellees, plaintiffs below, against appellant, defendant below. Appellant has disclaimed as to 40 acres sued for. The defensive matters urged will be shown hereinafter in discussing various points urged on this appeal. A trial before the court without the aid of a jury resulted in judgment for appellees for the premises sued for. The court filed findings of fact and conclusions of law, which findings established in substance the following:

That the appellees were respectively the surviving wife and children of T. H. Maples, who died in August, A. D. 1922. That appellant, joined by his wife, executed and delivered to T. H. Maples a warranty deed conveying the land in controversy. That said deed was executed by appellant with intent to defraud his existing creditors. That said deed was supported by a consideration valuable in law. That from the execution of said deed T. H. Maples held exclusive possession of the premises described therein, except 40 acres, until his death, and thereafter appellees held such possession until ejected by appellant in September or October, A. D. 1922. That, as to the remaining 40 acres, possession was jointly held by J. C. and T. H.

Maples, and after T. H. Maples' death by appellees, until the ejectment referred to. That T. H. Maples and appellees have paid all taxes on said premises since 1915. Said deed recited as part consideration assumption by T. H. Maples of $1,000 due to Robert Ralston, secured by a lien on said premises, and that T. H. Maples procured one Parish to take up said loan and extend same. That T. H. Maples has at all times since the execution of said deed paid the interest on said loan. That T. H. Maples and wife in 1917 executed to the Humble Oil & Refining Company an oil and gas lease including said premises.

Testimony was submitted by appellant, supporting his claim that T. H. Maples held said premises in trust for appellant under the conveyance mentioned, except 40 acres, and that T. H. Maples agreed with appellant that said deed should only convey 40 acres of the northeast corner of same.

In the court's finding, no specific finding is made as to the alleged agreement of T. H. Maples to hold in trust under the conveyance from appellant, but the court concluded as a matter of law that no trust could be ingrafted on the conveyance in question, and that appellant could not by parol evidence prove that T. H. Maples purchased only 40 acres of the 120 acres described in said deed.

### Opinion.

Appellant by numerous assignments of error assails the findings. A careful examination of the record, it is believed, demonstrates that the court's findings are amply sustained by the evidence.

[1] The finding that T. H. Maples and appellees have held exclusive possession of 80 acres of said premises and joint possession of 40 acres as shown above forecloses appellant's contention that the appellees' suit was barred by 10-year statute of limitation.

[2] The finding that the deed from appellant to T. H. Maples was executed with intent to defraud existing creditors of appellant likewise destroys appellant's contention that a resulting trust arose from the transaction wherein said deed was executed.

[3] The authorities seem practically unanimous in declaring that, where a deed is made with intent to hinder and delay creditors, it is fraudulent, and no trust could be ingrafted on the conveyance. Such a deed vests title absolutely in the vendee, subject to be divested only by creditors of the vendor or innocent purchasers from him. Authorities: Hoeser v. Kraeka, 29 Tex. 450; Eastham v. Roundtree, 56 Tex. 110; Hunter v. McGee, 31 Tex. Civ. App. 304, 72 S. W. 231; Jamison v. Wells (Tex. Civ. App.) 236 S. W. 807; Robb v. Robb (Tex. Civ. App.) 41 S. W. 92; Phillips v. Henry (Tex. Civ. App.) 124 S. W. 184.

[4] Appellant's further contention, that he

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was entitled to recover under a parol agreement to the effect that T. H. Maples was to hold or claim under said deed only 40 acres, must be overruled for the following reasons: The deed in question was executed in 1909. Appellant's testimony was to the effect that in 1917 agreement was had between J. C. and T. H. Maples that T. H. Maples was to have 40 acres of the 120 acres at $30 per acre, and that he was to pay the loan, which was $1,000, and pay J. C. Maples a difference of $400. The court's conclusion that parol evidence is not sufficient to prove this alleged agreement is approved; therefore, no effect could be given to it. Authorities: Davis v. Kirksey, 14 Tex. Civ. App. 380, 37 S. W. 994; Johnson v. Johnson (Tex. Civ. App.) 147 S. W. 1167; Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825.

[5] The only other contention necessary to notice is that the court's judgment for rents is not supported by the testimony. The assignments relating to this matter are overruled, because it is believed that the testimony will support a judgment for a greater amount than that rendered.

The findings of fact and conclusions of law of the trial court are approved, and the judgment is therefore affirmed.