518 So.2d 688 (1987)
Herbert DENNIS, et al.
v.
Glenn M. PENDLEY and J.B. Cunningham.
86-155.
Supreme Court of Alabama.
September 18, 1987.
*689 Sibley Reynolds and Bill Speaks, Clanton, for appellants.
Robert L. Bowers, Sr., of Bowers & Bowers, Clanton, for appellees.
PER CURIAM.
Appellants Herbert Dennis, et al. (hereinafter "Dennis"), appeal a mandatory injunction entered following a determination that the City of Clanton failed to meet the requirements set out in Ala.Code (1975), § 28-2A-1, in order to call and hold a municipal option election to change its classification from "wet" to "dry." We reverse.
On December 10, 1985, the City of Clanton held an election and thereby annexed certain territory. No notice of approval or ruling under the 1965 Voting Rights Act, 42 U.S.C.A. § 1973a, was obtained prior to the annexation, nor was it forthcoming before the petition for the municipal option election was filed. The United States Justice Department, however, approved the annexation prior to the actual election; in the election, voters of the City of Clanton, including the annexed portion of the City, indicated that they approved changing from a dry to a wet municipality.
In September 1986, the City contracted with the United States Department of Commerce, Bureau of the Census, to conduct a special census. The purpose of this census was to determine Clanton's population at that time, including the annexed portion. The special census showed a population of 7,403 people living within the City limits.
On October 2, 1986, a petition was filed with the clerk of the City of Clanton calling for a municipal option election to determine the sentiment of the people as to whether alcoholic beverages should be legally sold, consumed, and distributed within the municipality.
On October 16, 1986, appellees Pendley and Cunningham (hereinafter "Pendley") filed a complaint challenging the call for a municipal option election and asking for an injunction to prevent the election until the statutory requirements of § 28-2A-1, Alabama Code (1975), had been met.
Dennis filed a motion to intervene on behalf of the City of Clanton on October 24, 1986, and the motion was granted. Dennis and the City then filed motions to dismiss, which were denied after a hearing. Judge Macon, the trial judge, entered an order enjoining and restraining the City of Clanton from calling a municipal option election on November 4, 1986 (the date of the general election), or from calling a municipal option election until the requirements of § 28-2A-1 were met.
Dennis filed a timely notice of appeal and filed a motion to stay enforcement of the mandatory injunction pending appeal to this Court. We granted the motion, permitting the election with the understanding that Pendley could appeal, or defend an appeal, in the instant action after the election.
On November 4, 1986, a majority of the voters in the City of Clanton passed the municipal option. By so doing, they showed that their preference was that alcoholic beverages be permitted to be sold, distributed, or consumed within the Clanton city limits.
We opine that appellee Pendley's argumentthat because of failure to comply with the 1965 Voting Rights Act, the December 10, 1985, annexation should not be used in calculating Clanton's population as of the election of November 4, 1986,is without merit.
Section 5 of the Voting Rights Act of 1965 requires that states covered by the Act obtain prior clearance before proposed changes can be put into effect. Georgia v. United States, 411 U.S. 526, 93 S.Ct. 1702, *690 36 L.Ed.2d 472 (1973). The required approval was received prior to the municipal option election; therefore, the annexation was legal at the time of the election. NAACP v. Hampton County Election Comm'n, 470 U.S. 166, 105 S.Ct. 1128, 84 L.Ed.2d 124 (1985).
We further find that the City of Clanton has complied with the statutory requirements of § 28-2A-1. The City has satisfactorily shown a population of 7,000 or more, and a petition signed by 25 percent of the number of voters voting in the last general election was properly filed with the city clerk 30 days or more before the election.
Appellee Pendley argues that, based on the authority of Alabama Citizens Action Program v. Kennamer, 479 So.2d 1237 (Ala.1985), only a preceding decennial census may be used to determine population for purposes of § 28-2A-1. We disagree. Kennamer's statement that "[i]n the absence of a designation to the contrary the population of cities for the purposes of Act No. 84-408 is determined by the last preceding federal decennial census," 497 So.2d at 1242, must be read in the context of the facts of that particular case. There, the question was which of two decennial censuses to use, not whether, if available, something other than a decennial census could be reasonably utilized to obtain a valid population count. We find that the interim census conducted by the United States Department of Commerce, Bureau of the Census, which determined Clanton's population to be 7,403 as of September 27, 1986, does serve just such a function.
Section 28-2A-1 makes no provision for how population is to be determined. It is the court's function to make clear the intent of the legislature when some degree of ambiguity is found in a statute. Sutherland Stat. Const., § 45.02 (4th ed. 1984). The primary rule of statutory construction is to ascertain and effectuate legislative intent. Alabama v. Tennessee Valley Authority, 467 F.Supp. 791 (N.D.Ala.1979). See also State v. AAA Motor Lines, Inc., 275 Ala. 405, 155 So.2d 509 (1963). In attempting to ascertain the legislative intent, we can turn to § 28-2A-3 part of the statute itself. There, it is stated that the purpose of requiring that a municipality have a population of at least 7,000 in order to have a municipal motion election pursuant to § 28-2A-1, is that it is "the judgment of the legislature that municipalities with a lesser population would be unable to support and maintain such [necessary] protection [for public welfare, health, peace, and morals of the people]." This shows no basis for requiring ten-year gaps between the times that the population may be determined.
In further construing this statute, we note that statutes are to be prospective only, unless clearly indicated by the legislature. Retrospective legislation is not favored by the courts, and statutes will not be construed as retrospective unless the language used in the enactment of the statute is so clear that there is no other possible construction. Sutherland Stat. Const., § 41.04 (4th ed 1984).
Section 28-2A-1 does not say that only a decennial census can be used to determine population. We decline to reach such a conclusion in the absence of a clear legislative intent. Clanton has complied with the requirements of § 28-2A-1, and had a population in excess of 7,000 when it held its municipal option election. For the above reasons, we find that Clanton's municipal option election on November 4, 1986, was valid. The judgment of the circuit court is hereby reversed and the cause remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., dissents.
TORBERT, Chief Justice (dissenting).
My only problem with the majority opinion is that I believe that it is bad public policy to allow someone to crank up the mechanism for holding a wet/dry election *691 pursuant to Code 1975, § 28-2A-1, without knowing, at the time the petition calling for an election is filed, whether the population requirements of § 28-2A-1 are met.
Section 28-2A-1 can only be utilized by voters in municipalities having a population of 7,000 or more. Upon the filing of an appropriate petition by the requisite number of voters in such a municipality, the governing body must call an election. At the time this petiton was filed, there was no census, decennial or special, establishing that the City had at least 7,000 inhabitants. Subsequently, a special census did establish that the City had more than 7,000 inhabitants at a time prior to the filing of the petition. However, this was an entirely fortuitous situation and had the special census found otherwise, the time and taxpayer money expended in organizing the election would have been wasted. Therefore, I would require that the petitioners be able to show at the time the petition is filed that the municipality meets the population requirements.