ADAMS, Justice.
This is an appeal from a summary judgment in favor of Wayne Teague, superintendent of education for the State of Alabama. We affirm.
On May 10,1907, Marseles D. Carter and Maggie Carter deeded two acres of land to the State of Alabama as the site for a rural public school. In 1927, they deeded three more acres to the State, adjacent to the original two acres, for the same purpose. After the 1907 transfer, but prior to the 1927 transfer, Act No. 187, Acts of Alabama 1919, was enacted, which stated in pertinent part:
“Section 1. Be it enacted by the Legislature of Alabama, That when any lands are donated to the State as sites for a rural public school, and deeded to the State for a nominal consideration as a donation, and the use thereof for public school purposes is thereafter permanently abandoned for such purpose, the title to the land so deeded shall revert to the original owner, provided that the buildings or other improvements may be removed from such land within a reasonable time after abandonment by the school authorities and disposed of for the benefit of the public school in such district as the trustees of such district may determine.”
William M. Gotcher, heir of the Carters, contends that the provisions of Act No. 187 apply to the properties transferred to the State of Alabama by the Carters, and he further contends that, because the use of the property as a school site has been abandoned, the property should revert to him. We disagree.
The initial deed to the State of Alabama was in 1907. The act on which Gotcher relies was not enacted until 1919.
“[W]e note that statutes are to be prospective only, unless clearly indicated by the legislature. Retrospective legislation is not favored by the courts, and statutes will not be construed as retrospective unless the language used in the enactment of the statute is so clear that there is no other possible construction. Sutherland Stat. Const., § 41.04 (4th ed 1984).”
Dennis v. Pendley, 518 So.2d 688, 690 (Ala.1987). The 1907 transfer would not be encompassed by the act unless that act is retroactive. There is no language in the act indicating that the act should so be treated; therefore, the land transferred in 1907 does not revert to Gotcher. The trial court was correct in entering summary judgment in favor of the defendants below, and in ruling, in effect, that the 1907 transfer was not governed by the provisions of the 1919 act.
In addition, the trial court entered summary judgment in favor of the defendants with regard to the transfer made in 1927. The 1927 deed contained the following provision:
“It is expressly understood that the abandonment of the use of this property for school purposes shall not affect the title of the State of Alabama or cause the same to revert to the grantors.”
This language is not ambiguous, and the trial court correctly determined that the language in the deed made the act inapplicable.
Gotcher also contends that the trial court erred in entering summary judgment, be *269 cause, he argues, he should have been allowed further discovery in order to substantiate his case. Because the State was entitled to a summary judgment for the reasons stated above, this issue need not be addressed.
AFFIRMED.
ALMON, STEAGALL, KENNEDY and INGRAM, JJ., concur.