BANKS, Justice,
for the Court:
This matter is before the court on appeal from an order of the circuit court of Hinds County denying the plaintiff, Robert C. La-tham, a temporary restraining order, preliminary injunction and permanent injunction, requiring the Secretary of State to place his name on the ballot as a candidate for the office of Supreme Court Justice in the election to be held in November of this year. Appellant has requested that the appeal be expedited and both parties have filed briefs on the merits. We expedite the appeal and, upon consideration of the arguments and record, affirm.
*1341 i.
The election here in question is to be held pursuant to the provisions of H.B. 1809, legislation adopted in the 1994 Regular Session of the Mississippi Legislature, and pre-cleared pursuant to the provisions of the Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c on September 6, 1994, rendering it effective pursuant to the effective date provision of the act. Chapter 564, Laws of 1994. That act requires that candidates for judicial office qualify by registering with the State Election Commission and paying the prescribed fee on or before May 6, of the year in which the judicial elections are to be held. Latham failed to so qualify.
Prior to the effective date of H.B. 1809, judicial elections were held on a partisan basis, in congressional election years. This year, 1994, is a regular election year for all county, circuit and chancery court judge positions, all of the initial positions of the Mississippi Court of Appeals and for one of the positions on this court. The last position is at issue here.
H.B. 1809 is the legislative response to the constitutional mandate to redistrict circuit and chancery districts following each decennial census. Miss.Const.Art. 6, § 152 (amended 1890). In addition to modifying existing judicial districts, it created new districts, changed the method of electing judges in individual districts, created new court of appeals positions and provided for filling those positions. It effects another substantial change in the method of electing all judges in that it provides that they shall be elected on a non-partisan basis. 1994 Miss. Laws, ch. 564, § 78.
Because Mississippi is one of the jurisdictions required to pre-clear changes affecting voting with the United States Attorney General, H.B. 1809 provided that it would be effective “from and after the date it is effectuated under Section 5 of the Voting Rights Act of 1965, as amended and extended.” H.B. 1809, Section 104. In anticipation that pre-clearance would not occur prior to the deadline for qualifying for office provided in the bill, private plaintiffs, Henry Kirksey and other voters in Madison County, brought an action in the Circuit Court of Madison County seeking to compel the State Election Commission to accept qualifying papers for candidates wishing to participate in the non-partisan election provided by the bill. That court entered injunctive relief as requested and the judgment was not appealed. Two candidates who had earlier qualified to participate in the party primaries for their respective parties qualified with the State Election Commission in the manner prescribed in H.B. 1809 for the Supreme Court position to be filed. They were Mark Garriga and C.R. “Chuck” McRae, the incumbent. No other candidates qualified to run under the provisions of H.B. 1809 and no other candidates qualified to seek party nomination or as independent candidates under the election scheme in effect prior to H.B. 1809.
On June 15, 1994 after the party primary election, Mark Garriga tendered his resignation as a candidate to the chairman of the Republican Party and to the State Election Commission together with his affidavit as to reasons pursuant to the provisions of Section 23-15-317 of Mississippi Code Annotated 1972 (Rev’d 1990). The affidavit stated that Garriga had accepted a position with the Honorable Kirk Fordice, Governor of this state, which “would result in my ineligibility to hold this office or would significantly impair my capability to carry out the functions of such an elected office.” On June 21, the State Election Commission on the vote of Governor Fordice and Attorney General Mike Moore, by James F. Steel, Deputy Attorney General, entered an order approving Garriga’s withdrawal as Republican nominee, his reason therefor as a “legitimate nonpolitical” reason, and directing the Republican Executive Committee to nominate a qualified individual, all pursuant to the provisions of Section 23-15-317 of Mississippi Code Annotated. On August 16, 1994 the Republican Executive Committee certified Bob Latham, plaintiff-appellant here, as its nominee. La-tham filed a “Qualifying Statement of Intent for a Candidate for Party Nomination” with the secretary of state on the same day. There is no indication in the record that Latham made any effort to replace Garriga *1342 as a candidate pursuant to the provisions of H.B. 1809.
On September 6, 1994, the United States Attorney General “pre-eleared” H.B. 1809 and the candidate qualifying conducted pursuant to the April 28, 1994 order of the Circuit Court of Madison County. Thereafter, Dick Molpus, Secretary of State, advised Latham that because he had not qualified for the nonpartisan election to be held in November his name would not be on the ballot. Latham brought this action to enjoin Molpus to place his name on the ballot.
II.
Latham contends that, as a lawful candidate under the laws in effect up to September 6, the legislation on that day approved should not be deemed to deprive him of his candidacy. That is earlier “qualifications” should not be invalidated without an explicit provision that the law is to have “retroactive” effect.
Section 78 of H.B. 1809 provides that “[a] judicial office is a nonpartisan office and a candidate for election thereto is prohibited from campaigning or qualifying for such an office based on party affiliation.” 1994 Miss. Laws, ch. 564, § 78. Looking prospectively from September 6,1994 Latham is prohibited from campaigning as Republican nominee. More importantly, his name may not appear on the ballot as Republican nominee, which is his sole status in the race. 1994 Miss. Laws, eh. 564, § 78. He has not qualified to appear on the ballot in any other manner. Section 79 of H.B. 1809 provides that candidates for judicial office shall file an intent to be a candidate and the proper assessment prior to the first Monday in May of the year of the election. For the Supreme Court, the proper place for filing is with the State Election Commission and the assessment is $200. La-tham did not, prior to the first Monday in May, and has not made this filing or paid this fee.
The order of the Circuit Court of Madison County dated April 28, 1994 provided an opportunity for candidates desiring to participate in the nonpartisan judicial election prescribed in H.B. 1809 to qualify before the deadline provided in that act. In truth, the circuit court gave effect to a portion of the act. As the Madison County Circuit Court action has been explicitly “pre-cleared”, however, by the United States Attorney General, we hold that it is effective under the terms of H.B. 1809. 1994 Miss. Laws, ch. 564, § 104. The “seeming oxymoron of retroactive pre-clearance” has long since been recognized by the courts applying the Voting Rights Act. East Flatbush Election Comm. v. Cuomo, 648 F.Supp. 260 (D.C.E.D.N.Y.1986); See, NAACP v. Hampton Cnty. Election Comm., 470 U.S. 166, 105 S.Ct. 1128, 84 L.Ed.2d 124 (1985); Berry v. Doles, 438 U.S. 190, 98 S.Ct. 2692, 57 L.Ed.2d 693 (1978); Dennis v. Pendley, 518 So.2d 688 (Ala.1987). That such would occur is certainly within the pale of legislative contemplation. Through this mechanism the qualifying deadline of May 6, 1994, the only event scheduled by H.B. 1809 occurring prior to pre-clearance by the Attorney General of the United States, was preserved for the conduct of elections this year without the necessity of a special legislative session to alter the date.
In summary, then, H.B. 1809 is not being given retroactive effect. A portion of it was put into effect by the order of the Circuit Court of Madison County. As that action has now been pre-cleared, the validity of that order, vel non, with respect to the Voting Rights Act is moot. East Flatbush Election Comm v. Cuomo., 643 F.Supp. 260. As a matter of statutory interpretation, pre-clearance validated actions taken pursuant to that order. All persons who qualified pursuant to the order and in the manner prescribed in H.B. 1809 are candidates. Those who did not are not. The partisan primary election method of selecting judges has now been abrogated prior to the election.
III.
Latham contends that he is being denied his right to run for office. The fact is, however, that his candidacy is a result of a “privilege” extended to a political party to field a candidate where its candidate, selected by primary election, withdraws. Miss. Code Ann. § 23-15-317 (1972). It is a statute designed to keep political parties on an even footing. Under the provisions of H.B. *1343 1809, no party will be allowed to field a candidate. Thus, the necessity for continuing a candidacy pursuant to section 23-15-317, as well as its legality with respect to judicial elections, is at end.
We axe not impressed with the claim of harm to the plaintiff by disallowing his candidacy as a party nominee. From the time that H.B. 1809 was signed by the governor, it has been well known that party nomination, as a vehicle to judicial candidacy in 1994, was problematic. Party primaries were subject to nullification at any time. Candidates were given the opportunity to qualify as candidates available for election in the nonpartisan elections. Indeed, this was an additional opportunity to qualify for those who had, and had not, qualified as candidates either for party nomination or as independents before the original deadline in April. Those who did so qualify, as well as others interested, were allowed to qualify at the later date of May 6 for the non partisan election. The plaintiff failed to take advantage of that opportunity. Furthermore, the public is not deprived of an election for this position by the failure to require that plaintiffs name be placed on the ballot action any more than it is always “deprived” when no one chooses to qualify in a timely and appropriate manner.
TV.
For the foregoing reasons the judgment of the circuit court is AFFIRMED.
THE JUDGMENT OF THE CIRCUIT COURT IS AFFIRMED.
DAN M. LEE,' P.J., and SULLIVAN, PITTMAN and JAMES L. ROBERTS, Jr., JJ., concur.
HAWKINS, C.J., dissents with separate written opinion joined by PRATHER, P.J., and SMITH, J.
MeRAE, J. not participating.
MOTION FOR EXPEDITED APPEAL IS GRANTED. REQUEST FOR ORAL ARGUMENT IS DENIED.
HAWKINS, C.J., and DAN M. LEE, P.J., dissent to the denial of oral argument.