LYONS, Special Justice
(concurring in the result).
This appeal presents the issue of how to apply a statute that makes municipal population determinative of the applicability of the statute when the statute is silent on how to compute that population. Specifically, § 11-40-10, Ala.Code 1975, establishes the police jurisdiction of a municipality with a population of 6,000 or more at three miles and of a municipality of lesser population at one and one-half miles. Dueling police jurisdictions between the City of Pike Road and the City of Montgomery are the result of a dispute over the appropriate population of Pike Road and therefore the mileage applicable to Pike Road’s police jurisdiction.
Section 11-40-10 is silent on the method of computing the population of a municipality. Section 11-40—6, Ala.Code 1975, prescribes population brackets used to differentiate between a town and a city. Section 11-40-6 permits reliance for those population brackets on “the last census, whether federal or taken as authorized in this title.” Section 11-47-90 et seq., Ala. Code 1975, authorizes a municipality to conduct a census or to obtain a special federal census. No other provision for census can be found in Title 11.
Pike Road relied upon a 2013 estimate by the United States Census Bureau to establish its population as sufficient to justify a three-mile police jurisdiction. The trial court found Pike Road’s method of computing its population to be inconsistent with the requirements of §§ 11-47-90 through -95, Ala.Code 1975. The main opinion upholds the trial court’s judgment because § 11-40-6 applies, and it mandates adherence to the last federal decennial census or to the procedures found in §§ 11-47-90 through -95. Three previous cases have addressed a similar issue in the context of § 28-2A-1, Ala.Code 1975, which authorizes a municipality to conduct a “wet-dry” referendum and limits its applicability to municipalities with a certain population. Section 28-2A-1 mirrors § 11-40-10 to the extent that it is also silent on the means of computing that population.
What is now codified as § 28-2A-1 was enacted in 1984 as Act No. 84-408. In Alabama Citizens Action Program v. Kennamer, 479 So.2d 1237 (Ala.1985), the issue presented was whether the 1970 federal decennial census or the more recent 1980 census governed in order to determine eligibility for a wet-dry referendum. The Court stated:
“In the absence of any such designation [that would establish the 1970 census as the benchmark], we will not assume that the legislature in 1984 intended to refer to the 1970 census. Neither do we conclude that the statute is vague. Section 11-40-6 of Code of 1975, which sets forth the test for determining whether a municipal corporation should be called a city or town, states: ‘The last census, whether federal or taken as authorized in this title, shall be used in determining the population of a city or town.’ Furthermore, Act No. 84-408 has been codified in Chapter 2A of Title 28 of the Code. Another chapter of the same title defines ‘population’ as ‘[t]he popula *659 tion according to the last preceding or any subsequent decennial census of the United States.’ Code of 1975, § 28-3A-2(21).
“We conclude that in the absence of a designation to the contrary the population of cities for the purposes of Act No. 84-408 is determined by the last preceding federal decennial census.”
Kennamer, 479 So.2d at 1242. Kennamer addresses the issue without limiting the inquiry to the means afforded by § 11-40-6, citing it only as illustrative of other instances in the Code where the legislature embraced the last preceding federal census as a benchmark.
In Dennis v. Pendley, 518 So.2d 688 (Ala.1987), the municipality relied upon a special federal census, conducted after the most recent federal decennial census, to establish its eligibility to conduct a wet-dry referendum. The principal issue in Dennis was whether the municipality was locked into the most recent federal decennial census or could rely upon a more recent special federal census. 518 So.2d at 690. The Court, without referring to any other provision of the Alabama Code, accepted the municipality’s special federal census and sustained its eligibility to conduct the wet-dry referendum. Id.
Section 11-47-92, Ala.Code 1975, authorizes a municipality to obtain a special federal census, and § 11-47-93, Ala.Code 1975, restricts the use of such a census to establishing population as the basis for determining the levy or collection of taxes or the distribution of revenues. The Court in Dennis did not discuss the compatibility of the special federal census with the purpose of determining population for ascertainment of eligibility to conduct a wet-dry referendum. However, an attorney general’s opinion had previously concluded that there was a sufficient nexus between revenue and a determination that a municipality could be “wet” to trigger availability of a special federal census pursuant to §§ 11-47-92 and -93. Ala. Op. Att’y Gen. No. 85-00404 (June 26, 1985). Although Dennis does not refer to § 114D-6, the Court’s acceptance of a special federal census is consistent with the reference in § 11-40-6 to a census “taken as authorized in [Title 11],” assuming the correctness of the aforementioned attorney general’s opinion with respect to the limitations on the use of a special federal census in § 11-47-93.
In City of Bridgeport v. Citizens Action Committee, 571 So.2d 1089 (Ala.1990), the municipality attempted to establish population sufficient to allow a wet-dry referendum pursuant to § 28-2A-1. The City of Bridgeport did not rely on a recent special federal census as was the case in Dennis-, instead, it conducted its own census, but its' methodology did not satisfy the- requirements of § 11-47-90 and' § 11-47-91, Ala.Code 1975. This Court stated:
“More specifically, the City of Bridgeport claims the trial court erred in holding it to the strict requirements of § 11-47-90, which governs the term ‘census,’ and further claims that a ‘municipality has common law authority to conduct a population count by “means properly serviceable to that end,”’ citing as authority for this proposition Ryan v. City of Tuscaloosa, 155 Ala. 479, 46 So. 638 (1908). However, we find no merit to this argument.”
571 So.2d at 1091. Bridgeport thus dismisses without analysis the contention that a municipality can resort to the common law for standards for determining its population. Bridgeport also cites Dennis with approval:
“There is no provision in §§ 28-2A-1 through -4 for how population is to be determined for purposes of an election. However, this Court has stated that *660 § 28-2A-1 does not require that only a decennial census conducted by the United States Department of Commerce, Bureau of the Census, be used to determine the population of a municipality. Dennis v. Pendley, 518 So.2d 688, 690 (Ala.1987). The Alabama Code recognizes two methods for determining the population of a municipality. Sections 11-47-90 and -91 authorize a municipality to conduct its own census and provide strict guidelines to ensure the integrity of the census.”
571 So.2d at 1091 (emphasis added).
Sections 11-47-90 through -95 authorize a municipality to conduct its own census or to request a special federal census. The reference to “two methods” in the Alabama Code must be taken as referring to the two methods that a municipality can invoke, independent of the decennial federal census, an activity for determining population authorized by the United States Code occurring every 10 years without any action by the municipality. Bridgeport then limits the criteria for determining population to §§ 11-47-90 and -91 without reference to § 11-40-6. The Court, in a footnote, observes that the City did not elect to conduct a special federal census as provided in § 11-47-92. 571 So.2d at 1090 n. 2. Based on Dennis, and, assuming the correctness of the attorney general’s opinion, the City could have done so.
In summary, Kennamer holds that the statute establishing eligibility to conduct a wet-dry referendum based on population should be construed as subject to the most recent federal decennial census. Kennamer should be limited to the context of a proceeding where no contention is made as to the availability of a census more recent than the last decennial census. Dennis recognizes the availability of a special federal census to determine eligibility consistent with § 11-47-93 as interpreted in the attorney general’s opinion and consistent with the methodology set forth in § 11-40-6, but without referring to that section. Bridgeport holds that a municipality electing to conduct its own census must strictly comply with §§ 11-47-91 and 11-47-92.
It is axiomatic that a municipality can rely on the most recent federal decennial census in computing its population. In §§ 11-40-90 through —95, the legislature has conferred authority on a municipality to compute its current population independent of the most recent federal decennial census. This Court, without citing § 11-40-6, clearly held in Bridgeport that these sections displaced any common-law authority of a municipality to calculate its population.
Pike Road asserts that Bridgeport is “wrong,” presumably asking the Court to overrule it. I am not inclined to do so, although I am not prepared to embrace § 11-40-6 as justification fo.r- adherence to Bridgeport. Although the Court in Bridgeport cites no authority for its refusal to embrace Ryan v. City of Tuscaloosa, 155 Ala. 479, 46 So. 638 (1908), this Court in Ex parte Jones, 212 Ala. 259, 102 So. 234 (1924), construing what is now §§ 11-47-90, 11-47-91, and 11-47-94,[20] known then as the “Municipal Census Act,” supplies the rationale. The Court in Jones was asked to apply these statutes in the context of a municipality’s eligibility to impose a tax pursuant to a general revenue statute. 212 Ala. at 260, 102 So. at 234. The Court noted the absence of any reference to the Municipal Census Act in the *661 revenue statute at issue. The Court then directed its attention to what is now § 11-47-94, which provides:
“Where the census of any city or town in this state has been or may hereafter be taken as provided by this article and the report of the census thus taken has been or may hereafter be filed with the Secretary of State, the census, purporting to be a true and correct enumeration of the inhabitants residing in said cities and towns, is and shall be ratified, confirmed and validated and the report of said census which has been or may hereafter be filed shall for all purposes govern and be taken as the true and correct census for all such cities and towns in the state when so taken. The form of government of such cities and towns shall be governed and controlled by such census when the same is so taken and a report thereof is filed in accordance with the provisions'of this section.”
(Emphasis added.) The Court then limited the reach of the phrase “shall for all purposes govern” as follows:
“The Municipal Census Act using the very general words ‘shall for all purposes govern’ should be construed in the light of the object and purpose of that enactment expressed in part, at least, in the concluding sentence of the first section thereof, to the effect that the form of government of such cities and towns shall be controlled by such census. This later act is properly to be construed as applicable for all purposes concerning municipal government and powers and liabilities and duties arising therefrom.”
212 Ala. at 261, 102 So. at 235 (emphasis added). The issue in this proceeding is whether Pike Road is entitled to a three-mile police , jurisdiction. This issue sufficiently implicates “municipal government and powers and liabilities and duties arising therefrom” so as to trigger the limitations in, § 11-47-94. Id. Consequently, the provisions in that chapter of the Code govern Pike Road’s effort to create a census independent of the most recent federal decennial census..
Nor does Ryan support overruling Bridgeport. As the main opinion notes, Ryan operates in the realm of application of a constitutional provision. The parties in Ryan agreed that the then current population of the City of Tuscaloosa exceeded the population determined by the preceding federal decennial census. 155 Ala. at 486, 46 So. at 641. The Ryan Court upheld the City’s computation of its population independent of the preceding federal decennial census. 155 Ala. at 488, 46 So. at 641. i However, the opinion in two places indicates that no statute was available for this proceeding. The majority opinion concludes by stating: “To what extent the legislation may be constitutionally enacted toward the evidential ascertainment of population in such cases we do not decide.” 155 Ala. at 489, 46 So. at 642. Furthermore, a note appended to the vote line states:
“TYSON, C.J., concurs in the conclusions reached as to all the objections save the fifth [dealing with the availability of means other than a federal decennial census for computing population], as to which he entertains the opinion that the last decennial federal census is the criterion for the finding vel non of the condition (population) upon which the limitation is based, in the absence of state legislation authorizing the taking of a census.”
Id. (emphasis added). In addition, a municipal-census statute, the precursor to § 11-47-90, was enacted by the legislature on August 13, 1907. Although Ryan was decided on May 12, 1908, the meeting of the Tuscaloosa city council where the City *662 voted to hold an election on the bond issue took place in November 1906, several months before the enactment of the statute. 155 Ala. at 482, 46 So. at 640.
For the foregoing reasons, I do not consider Bridgeport to have been wrongly decided. However, because I conclude that the trial court’s application of the requirements of §§ 11-47-90 and 11-47-91 is required by § 11-47-94, as construed in Ex parte Jones—a case this .Court has not been asked to overrule—rather than § 11-40-6,1 concur in the result.

. Sections 11-47-93 and 11-47-94, providing for a special federal census, were added by Ala. Acts 1953, Act No. 845. Whether a special federal census is available to compute population as the basis for taxing within a police jurisdiction is a question not before this Court. ■